## CODWISE and others *against* HACKER.

In future no trial by proviso without previous rule to be obtained on notice. Counsel of the court have privilege.

THE defendant in this cause, without any previous rule for trying it by proviso, gave a simple notice that he should bring it on, but inserted a proviso clause in the *venire*. Under these circumstaces he obtained a nonsuit at the last term, to set aside which, application was now made on behalf of the plaintiff, who did not notice for trial; the court, how-ever, refused the motion, in consequence of the proviso

clause being inserted in the *venire*, but at the same time made the following general rule:

Ordered, that hereafter the defendant shall not try a cause by proviso, without a previous rule for that purpose, to be granted by the court on the usual notice.

———

In the case of Thomas Addis Emmet, Esq., who was admitted, in this term, to the degree of counsellor, the court determined that alienism was no bar to admission,(a) our statute *not requiring the oaths of　[*387] abjuration and allegiance to be administered either to counsel or attorneys, and this court having, therefore, no power so to do. That the only oath requisite was that of office; nor could they conceive how the practice of admitting the others had crept in, unless from the old colonial practice, under the statute of 13 Wm. III, c. 6, made to secure the crown against the Pretender, by the provisions of which counsellors and attorneys are enjoined to take the oaths of allegiance and abjuration. But by those of 4 Hen. IV, c. 18, from whence our act is borrowed, the oath of office only is prescribed, upon taking of which Mr. Emmet received his license.

N. B. It was ruled that a counsellor of this court is entitled to privilege, and must be proceeded against by bill as present in court, and not by writ.

———

## REGULÆ GENERALES.

Ordered, that in future only the oath of office be administered to persons admitted as counsel or attorney in this court.

(a) See *ante*, 261, n. (a,) *contra.*

ORDERED, that in error on *certiorari* under the 10*l.* act, the plaintiff be entitled to have taxed against the opposite party, only for a general assignment of error, special assignments being unnecessary, as the court is bound to decide on the merits, and overlook the defects of form.